J-S31022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID WAYNE FAUST | : | |
| | : | |
| Appellant | : | No. 913 EDA 2023 |

Appeal from the PCRA Order Entered March 16, 2023
In the Court of Common Pleas of Bucks County
Criminal Division at No:  CP-09-CR-0000512-2018,
CP-09-CR-0000513-2018

BEFORE:  OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                     **FILED MARCH 1, 2024**

Appellant, David Wayne Faust, *pro se*, appeals from the March 16, 2023 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 24 Pa.C.S.A. §§ 9541-46.[1]  We affirm.

Appellant, a licensed funeral director, owned and operated Faust Funeral Home in Bucks County, Pennsylvania.  This matter arises from his preparation of fraudulent death certificates, his mishandling of funds he received from prepaid funeral contracts, and his applying for and receiving social security

---

[1]  Appellant has filed a single appeal at two docket numbers, in violation of our Supreme Court's pronouncement in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  Because the March 16, 2023 order dismissing Appellant's petition implied that a single appeal would suffice in this case, we accept this appeal for review pursuant to **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*).

disability benefits while he was still operating and earning income from his funeral home. In all, Appellant received more than $300,000.00 toward prepaid funeral services, from 55 customers, that he failed to maintain in escrow accounts. Instead, he spent the money for his own benefit. Appellant received nearly $130,000.00 in social security disability benefits while he was still working.

Appellant pled guilty to numerous offenses, including theft by failure to make required disposition of funds, 18 Pa.C.S.A. § 3927, deceptive or fraudulent business practices, 18 Pa.C.S.A. § 4107, identity theft, 18 Pa.C.S.A. § 4120, theft by deception, 18 Pa.C.S.A. § 3922, and forgery, 18 Pa.C.S.A. § 4101, tampering with public records, 18 Pa.C.S.A. § 4911, and impersonating a holder of a professional license, 18 Pa.C.S.A. § 4913. On December 7, 2018, the trial court imposed an aggregate 9 to 18 years of incarceration followed by 9 years of probation. This Court affirmed the judgment of sentence on May 20, 2021. Our Supreme Court denied allowance of appeal on November 29, 2021.

Appellant filed his timely first PCRA petition on May 13, 2022. On December 16, 2022, appointed counsel filed a no merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court filed its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition on January 9, 2023. On March 16, 2023, the PCRA court dismissed

Appellant's petition and granted counsel's petition to withdraw. Appellant filed this timely *pro se* appeal on April 5, 2023.

On review, we determine whether the record supports the PCRA court's fact findings and whether the court committed legal error. ***Commonwealth v. Diaz***, 183 A.3d 417, 421 (Pa. Super. 2018). We are deferential to the PCRA court's fact findings but apply a *de novo* standard of review to its legal conclusions. ***Id.***

Instantly, the PCRA court dismissed Appellant's petition because the only issue Appellant wishes to raise—a challenge to the trial court's sentencing discretion—is not cognizable under the PCRA. The PCRA court is correct in this regard, as an alleged abuse of sentencing discretion does not render a petitioner eligible for PCRA relief under § 9543(a)(2).

Appellant persists with the same argument on appeal, claiming he is eligible for relief because of the sentencing court's alleged bias, prejudice, and ill will toward him. In specific, Appellant argues the sentencing court failed to take account of Appellant's alleged drug dependence that stems from his treatment for a work related injury. As noted just above, this issue is not cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2). Furthermore, § 9543(a)(3) provides that claims previously litigated are not eligible for collateral relief. A claim is previously litigated if the "highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue[.]" 42 Pa.C.S.A. § 9544(a)(2). This Court reviewed

and rejected Appellant's claim of sentencing court bias on direct appeal. ***Commonwealth v. Faust***, Nos. 943 and 944 EDA 2020 (Pa. Super. 5/20/21), unpublished memorandum, at 9-12.  Our Supreme Court denied allowance of appeal.  Thus, Appellant's claim has been previously litigated for purposes of the PCRA.  Appellant develops no argument that his sentencing counsel was ineffective in any way, nor does he raise any other issue that is cognizable under the PCRA.

No findings of fact are at issue in this appeal, and we discern no error in the PCRA court's legal conclusion.  We therefore affirm the order dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/1/2024